### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID COLEMAN,** | : | No. 3:04cv2198 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LAZY DAYS RV CENTER, INC.,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

Presently before the Court for disposition is Defendant Lazy Days RV Center, Inc.'s ("Defendant") motion either to dismiss for lack of personal jurisdiction, or in the alternative to transfer to the United States District Court for the Middle District of Florida ("Middle District of Florida"). The parties have fully briefed these matters, and they are ripe for disposition. For the following reasons, we find that we have personal jurisdiction over Defendant, but will transfer the case to the Middle District of Florida.

**Background**[1]

On December 22, 2003, Plaintiff David Coleman ("Plaintiff"), a Pennsylvania resident, purchased a 1990 Prevost Liberty Bus from Defendant, a Florida Corporation with its principal place of business in Florida. Prior to the sale, Plaintiff called Defendant to initiate discussions about the potential purchase. Thereafter, in November and December 2003, Defendant's salesman called Plaintiff in Pennsylvania four or five times to discuss the sale. During one phone conversation, Plaintiff relayed his credit card number to Defendant to place a deposit on

---

[1] The following background facts are derived from Plaintiff's affidavit in opposition to Defendant's motion.

the bus. Defendant mailed Plaintiff a videotape depicting the bus, and also mailed the papers to arrange the financing for the price of the bus, $75,000.  Plaintiff completed the papers and mailed them back to Defendant in Florida, along with a check for $66,514.56.

Plaintiff also arranged for the delivery of the bus in Pennsylvania by calling Defendant. Similarly, he paid for the delivery of the bus via telephone.  Thereafter, Defendant delivered the bus to Plaintiff in Pennsylvania.  Upon receiving delivery of the bus, Plaintiff signed a Buyer's Order ("the contract") in his driveway in Pennsylvania.

When Plaintiff signed the contract, it was at night under conditions such that he could not read the terms and conditions.  Defendant did not give Plaintiff an opportunity to question or modify the terms.  In small print on the back of the form, paragraph fifteen contained the following forum selection clause.

> This sale and this contract and all negotiations and discussions between you and me are governed by Florida law.  Any and all actions of any kind brought by me or you relating to this sale or the product purchased must be filed exclusively in Hillsborough County, Florida.  If I fail to pay any amount due to you, and collection efforts are required, I agree to pay your attorney's fees and costs.

(Doc. 4-4, Def. Ex.).

Plaintiff filed the instant complaint on October 5, 2004.  He alleges that Defendants falsely reported the mileage on the bus and had tampered with the odometer in violation of 49 U.S.C. §§ 32701-10.  He seeks treble damages, costs, and attorneys fees.

**Jurisdiction**

As this case is brought pursuant to 49 U.S.C. §§ 32701-10, we have jurisdiction under 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all

2

civil actions arising under the Constitution, laws, or treaties of the United States."

### Discussion

Defendant argues that he has insufficient contacts with Pennsylvania to support this Court's personal jurisdiction over him.  Alternatively, he argues that the forum selection clause dictates that venue is improper in the Middle District of Pennsylvania, and that we should transfer this case accordingly.  We will address these issues separately.

### Personal Jurisdiction

As Pennsylvania is the forum state, we have personal jurisdiction to the extent permitted by Pennsylvania law.  FED. R. CIV. P. 4(e).  The Pennsylvania long arm statute authorizes personal jurisdiction to the full extent permitted under the Due Process Clause of the Fourteenth Amendment.  Pennzoil Prods. Co. v. Colelli & Associates, 149 F.3d 197, 200 (3d Cir. 1998).  To satisfy the constitution, a court may have either general or specific personal jurisdiction, but as neither party has alleged that we have general jurisdiction over Defendant, we will analyze solely whether we have specific jurisdiction.  Id.

> To make a finding of specific jurisdiction, a court generally applies two standards, the first mandatory and the second discretionary. These standards serve to ensure that defendants receive due process as required by the Fourteenth Amendment. First, a court must determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there."  Second, assuming minimum contacts have been established, a court may inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Although the latter standard need only be applied at a court's discretion, we have generally chosen to engage in this second tier of analysis in determining questions of personal jurisdiction.

Id. (citations omitted).

The minimum contacts test is a factually specific determination.  Id.  The minimum

contacts must have a basis in "some act by which the defendant purposefully avail[ed] itself of

the privilege of conducting activities within the forum state." <u>Mesalic v. Fiberfloat Corp.</u> 897

F.2d 696, 699 (3d Cir. 1990) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474

(1985)).  In <u>Mesalic</u>, the court analyzed whether the defendant, a Florida boat dealer, had

sufficient minimum contacts with New Jersey based on a single boat sale to a New Jersey

resident.  <u>Id.</u> at 699-702.  The defendant had purposefully conducted business in New Jersey

through: (1) written correspondence sent to the New Jersey resident; (2) delivery of the boat

to New Jersey; and (3) repair work performed on the boat in New Jersey.  <u>Id.</u> at 700.  Thus, the

court found that the defendant          had minimum contacts with New Jersey.

Based on the reasoning set forth in <u>Mesalic</u>, we find that Defendant has sufficient

minimum contacts with Pennsylvania to satisfy the requirements of the Due Process clause.

Plaintiff has established that: 1) Defendant repeatedly called him in Pennsylvania; 2) Defendant

mailed finance forms to him; 3) Defendant mailed a video showing and describing the bus to be

purchased; 4) Defendant delivered the bus to Plaintiff's Pennsylvania residence; and 5)

Defendant and Plaintiff executed a contract in Pennsylvania that contains material terms

governing their relationship.   We recognize that unlike the defendant in <u>Mesalic</u>, Defendant

did not conduct repairs on the bus in Pennsylvania.  We do not, however, find this fatal to our

assertion of personal jurisdiction over it.  Ultimately, the inquiry is whether Defendant has

purposefully availed itself of the privilege of conducting business in Pennsylvania, and we find

that the contacts listed above satisfy this test.  <u>See</u> <u>Controlled Metals, Inc. v. Non-Ferrous</u>

<u>International Corp.</u>, 410 F. Supp. 339, 342 (E.D. Pa. 1976) (finding that telephone

communications and package delivery in the forum state provided sufficient minimum contacts).  Without the phone calls, mail correspondence, delivery, and the execution of the contract, all occurring in Pennsylvania, Defendant would not have been able to effectuate the sale of a bus to a Pennsylvania consumer.  Based on these contacts, Defendant should have reasonably foreseen being hauled into court here, and we find that he has sufficient minimum contacts.

Additionally, we find that our assertion of personal jurisdiction comports with the notions of fair play and substantial justice.  This analysis requires us to evaluate "the burden on the defendant, the interest of the forum State . . . plaintiff's interest in obtaining relief . . . the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies."  Mesalic, 897 F.2d at 701 (quoting Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 113 (1987)).  Defendant has advanced no argument that our assertion of personal jurisdiction violates the notions of fair play and substantial justice, as he focuses his personal jurisdiction argument entirely on the minimum contacts inquiry.  After a careful review of the evidence available, we find that it is reasonable to assert personal jurisdiction.  Defendant has produced no evidence that he would suffer a burden by litigating in this forum or that its interests, or Florida's interests, mandate that this case be heard there.   Furthermore, Pennsylvania has a "manifest interest in providing effective relief for its residents."  Id. at 702 (quoting McGee v. International Life Insurance Co., 355 U.S. 220, 223 (1957)).  As Defendant intentionally entered the state of Pennsylvania to deliver a bus and entered into a contract here

to further its business, we find that asserting personal jurisdiction is reasonable and comports

with the notions of fair play and substantial justice.   Accordingly, we find that we have personal

jurisdiction over Defendant.

**Forum Selection Clause**

Defendant next asserts that we should transfer this case to the Middle District of

Florida pursuant to the forum selection clause in the contract, which states, "[a]ny and all

actions of any kind brought by me or you relating to this sale or the product purchased must be

filed exclusively in Hillsborough County, Florida."[2]  Plaintiff opposes the motion, arguing that

the forum selection clause is not dispositive and we should consider it along with the venue

factors enumerated in 28 U.S.C. § 1404.

In federal court, the interpretation and enforceability of a forum selection clause is

governed by federal law.[3]  Jumara v. State Farm Insurance Company, 55 F.3d 873, 878 (3d Cir.

1995).  The federal law controlling whether to transfer venue is 28 U.S.C. § 1404(a) ("§

1404(a)").  Id.

Generally, courts should give deference to the plaintiff's choice of venue.  Id. at 880.

Such deference is inappropriate where the parties have entered into a forum selection

agreement because the clause serves as "a manifestation of the parties' preferences as to a

---

[2] The Tampa Division of the Middle District of Florida is in Hillsborough County.

[3] Both parties note that the diversity jurisdiction requirements are satisfied in the present instance.
The sole claim presented, however, is a claim under federal law.  Thus, our present jurisdiction is not based
on diversity, but instead is based on federal question jurisdiction.  Under either scenario federal law controls
the effect a federal court gives to a forum selection clause.  Stewart Organization Inc., v. Ricoh Corp., 487
U.S. 22 (1988).

convenient forum." Id.  A valid forum selection clause, however, is not dispositive of the issue

of venue.  Id.  Instead, it should be given "substantial consideration" within the framework of §

1404(a) as "the parties' private expression of their venue preferences."  Id.  Plaintiff bears "the

burden of demonstrating why [he] should not be bound by [his] contractual choice of forum."

Id.

      Thus, we must make two inquiries.  Initially, we must determine whether the forum

selection clause is valid, *i.e.* the parties executed it in the absence of "fraud, influence, or

overweening bargaining power."  Id. (citing Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13

(1972)).  Next, we must determine whether Plaintiff has demonstrated that other § 1404(a)

venue considerations outweigh the substantial consideration we must give the forum selection

clause.

**Valid Forum Selection Clause**

      A forum selection clause is *prima facie* valid, and will be enforced unless the resisting

party can make a "strong showing" either that the forum selected is "so gravely difficult and

inconvenient that he will for all practical purposes be deprived of his day in court" or that the

clause was the product of "fraud or overreaching."  Foster v. Chesapeake Insurance Co. LTD.,

933 F.2d 1207, 1219 (3d Cir. 1991).  Plaintiff has presented no argument or evidence

regarding the relative convenience of the forums, much less a strong showing that the Middle

District of Florida is so inconvenient that transfer there will deprive him of his day in court.

      Regarding the fraud or overreaching, Plaintiff's evidence demonstrates that the forum

selection clause was part of a form contract, he was not presented with an opportunity to

negotiate over the term, and he signed it outside of his home in his driveway where the

conditions were such that he could not read the terms of the contract.  We find this insufficient

to demonstrate that the forum selection clause is tainted by "fraud, influence, or overweening

bargaining power."        Jumara, 55 F.3d at 880.

      The lack of negotiation over a clause does not render it unenforceable.  Carnival Cruise

Lines, Inc., v. Shute, 499 U.S. 585 (1991) (holding that a forum selection clause on a cruise

ticket was enforceable); Foster, 933 F.2d at 1219 ("That there may not have been actual

negotiations over the [forum selection] clause does not affect its validity.").  While the

conditions in Plaintiff's driveway may not have been ideal for him to read a contract, he has

presented no evidence, nor even argued, that Defendant prevented him from taking the contract

into his home to read it before he signed it.  Likewise, he has presented no evidence that the

contract was presented on a take-it or leave-it basis, or that Defendant did anything to coerce

him into signing the contract without reading it.  The contract contains only one page, and the

forum selection clause is in no way inconspicuous or hidden.  The forum selection clause is

the same size type as every other term on the page.  Thus, Plaintiff has not made a strong

showing that the forum selection clause was the product of fraud, coercion, or overweening

bargaining power.

### § 1404(a) Considerations

      Although a forum selection clause is afforded substantial consideration, we must also

analyze other § 1404(a) factors to determine whether transfer is appropriate.  We find that

Plaintiff has not presented a sufficient argument to overcome the substantial consideration due

the valid forum selection clause.

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The burden to establish the necessity of transfer lies with the movant. Jumara, 55 F.3d at 879.

As discussed in the previous section, Plaintiff has made no argument as to why Florida would be inconvenient to either him or his witnesses other than to note that he is from Pennsylvania.  While we recognize that Pennsylvania would in all likelihood be more convenient for him and some of his witnesses, Florida would certainly be more convenient for Defendant and his witnesses.  Thus, in the absence of any argument or evidence other than the residence of the parties, we cannot say that Plaintiff has demonstrated that we should not follow the forum selection clause as "a manifestation of the parties' preferences as to a convenient forum."  Jumara, 55 F.3d at 879.

Similarly, Plaintiff has made virtually no argument regarding the factors underlying the interests of justice consideration.  These factors include: "(1) a likelihood of an enforcement problem; (2) a distinct public interest in resolving the claims in the [Middle District of Pennsylvania] rather than [the Middle District of Florida]; (3) a different policy preference in the two locales; (4) a disparity in the qualifications of the federal judges sitting in the two districts to pass on the same [federal] law; or (5) an appreciable difference in docket congestion between the two districts."  Id. at 882-83.  Plaintiff's sole argument pertinent to any of these factors is that Pennsylvania has an interest in providing a forum for its residents.

9

While this is certainly so, Plaintiff has entered into an agreement that the Middle District of Florida is the proper venue for the present case.  Our interest in providing a forum for Pennsylvania residents will not override the policy behind the enforcement of valid contracts. Furthermore, as we have noted previously, Plaintiff has not made the requisite demonstration that transfer to the Middle District of Florida will deprive him of his day in court, and thus he will have a forum available for his complaint.

Accordingly, we find that Plaintiff entered into a valid, enforceable forum selection clause, and has not made an adequate demonstration that the § 1404(a) factors outweigh the substantial consideration we must give to the parties' chosen forum.  Therefore, we will transfer this case to the United States District Court for the Middle District of Florida.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID COLEMAN,** | : | No. 3:04cv2198 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LAZY DAYS RV CENTER, INC.,** | : | |
| **Defendant** | : | |

### ORDER

   **AND NOW**, to wit, this 6th day of May 2005, Defendants' motion to transfer venue to

the United States District Court for the Middle District of Florida (Doc. 4) is hereby

**GRANTED**.  It is hereby **ORDERED** that this case be **TRANSFERRED** to the United States

District Court for the Middle District of Florida, Tampa Division, and the Clerk of Courts is

directed to close this case in this district.




                                                        **BY THE COURT:**


                                                        **s/ James M. Munley**
                                                        **JUDGE JAMES M. MUNLEY**
                                                        **United States District Court**

11